**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4429**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS MAYHEW CURRY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:05-cr-00282-WLO)

---

Submitted:  November 30, 2006        Decided:  January 16, 2007

---

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Romallus O. Murphy, LAW OFFICE OF ROMALLUS O. MURPHY, Greensboro, North Carolina, for Appellant.  Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Marcus Mayhew Curry of drug and firearm offenses: maintaining places at 113 Melrose Drive, Apartment A, and 801 Peeler Street, Apartment A, both in Lexington, North Carolina, for the purpose of distributing crack cocaine (Counts 1 and 6, respectively), in violation of 21 U.S.C.A. § 856(a)(1), (b) (West 1999 & Supp. 2006); possession with intent to distribute a mixture containing a detectable amount of crack cocaine, 91.5 grams of crack cocaine, and 39.6 grams of crack cocaine (Counts 2, 5, and 8, respectively), and 137.2 grams of cocaine hydrochloride (Count 7), in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm by a convicted felon (Counts 3 and 9), in violation of 18 U.S.C. § 922(g)(1) (2000); and possession of a firearm during and in relation to a drug trafficking crime (Counts 4 and 10), in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2006). The district court sentenced Curry to mandatory life imprisonment after the Government notified Curry pursuant to 21 U.S.C. § 851 (2000) of its intent to seek enhanced statutory penalties.

Curry's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning (1) whether the evidence was sufficient to convict Curry on Counts 1, 2, and 4, and (2) whether Curry's prior conviction for felony possession of cocaine under North Carolina law qualified as a "felony drug offense" under 21 U.S.C.A. § 802(44) (West Supp. 2006), for

purposes of applying enhanced statutory penalties. Counsel states, however, that he has found no meritorious grounds for appeal. Curry has filed a pro se supplemental brief. We affirm.

Counsel raises as a potential issue the sufficiency of the evidence on Counts 1, 2, and 4, based upon the small amount of crack and cash seized from Curry's apartment. Our review of the trial transcript convinces us that the evidence was sufficient to convict. See United States v. Smith, 451 F.3d 209, 216 (4th Cir.) (discussing standard of review for denial of motion filed under Fed. R. Crim. P. 29), cert. denied, 127 S. Ct. 197 (2006); see also United States v. Snow, 462 F.3d 55, 70-71 (2d Cir. 2006) (discussing elements of § 856 offense); United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (discussing elements of possession with intent to distribute); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (discussion § 924(c) offense).

Curry also contends on appeal that his North Carolina conviction for felony possession of cocaine did not qualify as a felony drug offense for purposes of applying the enhanced statutory penalties in 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2006). Counsel correctly concedes, however, that this claim is foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. We have

carefully reviewed the issues raised in Curry's pro se supplemental brief and find them to be without merit. Accordingly, we affirm Curry's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>